IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEENAN G. WILKINS, | ) | No. C 11-2704 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| COUNTY OF ALAMEDA, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint against jail officials at Glenn Dyer Jail, pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.11\Wilkins704dwla.wpd

1    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
3    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
4    statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
5    upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
6    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
7    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
8    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
9    do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."
10   *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
11   complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*
12   at 1974.

13   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
14   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
15   the alleged violation was committed by a person acting under the color of state law.  *See West v.*
16   *Atkins*, 487 U.S. 42, 48 (1988).

17   B.    <u>Legal Claims</u>

18   A review of Plaintiff's amended complaint reveals several deficiencies which he must
19   address in a second amended complaint.  The amended complaint contains a number of
20   improperly joined claims.  "A party asserting a claim, counterclaim, crossclaim, or third-party
21   claim may join, as independent or alternative claims, as many claims as it has against an
22   opposing party."  Fed. R. Civ. P. 18(a).  The rules are somewhat different when, as here, there
23   are multiple parties.  Multiple parties may be joined as defendants in one action only "if any
24   right to relief is asserted against them jointly, severally, or in the alternative with respect to or
25   arising out of the same transaction, occurrence, or series of transactions or occurrences; and any
26   question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P.
27   20(a)(2).

28   The upshot of these rules is that "multiple claims against a single party are fine, but

Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

The amended complaint appears to raise eleven claims. Claims 2, 5, and 8 potentially could be merged into one claim. The following demonstrates the range of claims plaintiff asserts against several different defendants: that officials confiscated his legal documents; that he was punished without procedural due process; that the sheriff's office has a policy of eavesdropping on confidential phone calls; and that he was denied medical attention.

As alleged, these claims against multiple parties do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. The amended complaint appears to be a recitation of several things that Plaintiff has found objectionable at the jail. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* Accordingly, the Court finds the claims and Defendants improperly joined.

Although a Court may strike individual claims that are not properly joined, the Court cannot here determine which of the claims Plaintiff may wish to keep and which he wants to omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and Defendants, the Court now dismisses the complaint with leave to file a second amended complaint. The second amended complaint must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and Defendants, and if it does not, then this entire action will be dismissed without prejudice.

Plaintiff should also bear in mind that the second amended complaint must allege facts that show federal constitutional violations. It should describe what happened, when it happened, and how it violated his constitutional rights. For example, if Plaintiff intends to allege that a deprivation of a basic necessity was sufficiently serious to satisfy the objective component of an Eighth Amendment claim, Plaintiff must allege (1) what the deprivation is, recognizing that it must be objectively and sufficiently serious to rise to the level of a constitutional violation, and

(2) that the prison official possessed a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Moreover, although the complaint names several Defendants, Plaintiff must link each Defendant to each claim by providing facts showing the basis for liability for each individual Defendant. For example, plaintiff should allege which Defendants were responsible for violating which constitutional right, and how they were responsible for doing so. He should not refer to them as a group (e.g., "the Defendants"); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of federally protected right).

## CONCLUSION

1. The amended complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 11-2704 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to

1  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
2  of Civil Procedure 41(b).
3       IT IS SO ORDERED.
4  DATED:   9/29/11

LUCY H. KOH
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.11\Wilkins704dwla.wpd     5