IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEENAN G. WILKINS, | ) | No. C 11-2704 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| COUNTY OF ALAMEDA, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint against jail officials at the Glenn Dyer Jail, pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses this action.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\Wilkins704dis.wpd

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

On September 29, 2011, the Court dismissed Plaintiff's amended complaint with leave to amend because it suffered from improperly joined Defendants and claims. In the amended complaint, Plaintiff raised claims alleging that: officials confiscated his legal documents; Plaintiff was punished without procedural due process; the sheriff's office has a policy of eavesdropping on confidential phone calls; and Plaintiff was denied medical attention. The Court advised Plaintiff that the eleven claims Plaintiff raised did not arise out of the same transaction, occurrence or series of occurrences, nor did they involve common questions of law or fact. Moreover, the Court warned Plaintiff that his second amended complaint must allege facts that show federal constitutional violations. Plaintiff was also advised that he must link each Defendant to each claim. The Court directed Plaintiff to file a second amended complaint. On October 28, 2011, and January 12, 2012, Plaintiff requested an extension of time to file his second amended complaint. On February 24, 2012, Plaintiff filed his second amended complaint.

A review of the second amended complaint reveals that, rather than dismissing some claims and Defendants in order to comply with Federal Rules of Civil Procedure 18 and 20, Plaintiff instead added three more claims to his original eleven claims. These fourteen claims are again asserted against several different defendants, and range in allegations that: several Defendants confiscated his legal documents; unknown defendants opened his legal mail; there is no jail procedure for recording incoming or outgoing mail; unnamed jail officials eavesdropped on confidential telephone calls; unnamed jail officials failed to provide adequate nutrition; unnamed jail officials failed to provide adequate sanitation; and unnamed jail officials failed to provide adequate footwear. In the Court's previous order of dismissal with leave to amend, the Court warned Plaintiff that the second amended complaint must comply with Federal Rules of

1  Civil Procedure 18 and 20 concerning joinder of claims and Defendants, and if it did not, then
2  this entire action would be dismissed without prejudice.
3      Plaintiff's second amended complaint suffers from similar deficiencies as before.
4  Because Plaintiff has already been given an opportunity to amend his complaint, and two
5  extensions of time within which to comply, the Court concludes that any further leave to amend
6  would be futile.

### CONCLUSION

8      Plaintiff's second amended complaint is DISMISSED without prejudice. The Clerk shall
9  close the file.
10      IT IS SO ORDERED.
11  DATED: 4/30/12

LUCY H. KOH
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.11\Wilkins704dis.wpd    3