1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,                )        No. C 11-2704 LHK (PR)
                                  )
            Plaintiff,            )        ORDER DENYING MOTIONS FOR
                                  )        RECONSIDERATION
    v.                            )
                                  )
COUNTY OF ALAMEDA, et al.,        )        (Docket Nos. 27, 29)
                                  )
            Defendants.           )
_____)

     Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court dismissed his first amended complaint with leave to amend, warning Plaintiff that the first amended complaint violated Federal Rules of Civil Procedure 18 and 20.  In its order, the Court explained Rules 18 and 20, and warned Plaintiff that if his second amended complaint did not comply with Rules 18 and 20, the entire action would be dismissed. Thereafter, Plaintiff requested and received two extensions of time in which to file a second amended complaint.  In his second amended complaint, Plaintiff raised 14 claims, and again violated Rules 18 and 20.  The Court then dismissed this action without prejudice.

     Pending before the Court are Plaintiff's motions for reconsideration.[1]  Rule 60(b)

_____

[1] Plaintiff also filed a "request for clarification to properly appeal," which this Court construes as a motion for reconsideration.

Order Denying Motions for Reconsideration
G:\PRO-SE\SJ.LHK\CR.11\Wilkins704rec.wpd

provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the Court's order or belief that the Court is wrong in its decision are not adequate grounds for relief. *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Plaintiff does not indicate under what provision of Rule 60(b) reconsideration is warranted. Moreover, Plaintiff presents no valid basis for reconsideration. He alleges no new evidence that could not have been discovered with due diligence, nor does he show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, he does not provide any other reason justifying relief, such as extraordinary circumstances.

In his first amended complaint, Plaintiff asserted the following range of claims against several different defendants: that officials confiscated his legal documents; that he was punished without procedural due process; that the sheriff's office has a policy of eavesdropping on confidential phone calls; and that he was denied medical attention. The Court dismissed the amended complaint with leave to amend so that Plaintiff could comply with Rules 18 and 20.

In his second amended complaint, Plaintiff amended some claims, and added several others. For example, in Claim 1, Plaintiff complained that, on May 9, 2011, "jail officials" confiscated twenty boxes of confidential legal documents which he believed were necessary for his ongoing legal disputes, and deprived him of those boxes for approximately five months. (SAC at Addendum 2.) Plaintiff claims that this action denied him access to the courts, and

1   baldly asserts that Sheriff Ahern and Captain Ayala were made aware of this event but took no

2   action.  (*Id.*)  In Claim 2, Plaintiff alleges that the jail had a  policy of allowing only two-boxes

3   of property per room and that this policy was being enforced in a racially discriminatory manner

4   by Defendants Ahern, Ayala, Gomez, Kennedy, and Delgadillo, in violation of the Equal

5   Protection Clause.  (SAC at Addendum 3.)  In Claim 5, Plaintiff alleges that in February 2011,

6   he submitted legal documents for copying.  (SAC at Addendum 4-5.)  Defendant Marquez

7   presumably saw them, but did not copy them.  (*Id.*)  A few days later, the documents

8   disappeared.  Defendant Firmeza found the documents.  Defendant Marquez made the copies.

9   When Plaintiff received his documents and copies back, 33 confidential legal documents were

10  missing, including witness declarations.  (*Id.* at 5.)  Defendant Delgadillo produced a false

11  document to cover-up the incident.  Defendant Ayala signed off on the false report, and

12  Defendant Ahern took no action.  (*Id.*)  It is unclear what constitutional violation Plaintiff alleges

13  in Claim 5.  In Claim 7, Plaintiff alleges that from 2008 through 2010, Defendant Does

14  repeatedly opened his confidential legal mail outside of his presence, in violation of his First

15  Amendment right to send and receive mail.  (SAC at Addendum 6-8.)  Again, Plaintiff asserts

16  that he requested assistance from Defendants "Ahern, Ayala, Delgadillo, etc." but no action was

17  taken.

18        As the Court explained in its order of dismissal, Federal Rule of Civil Procedure 20(a)

19  provides that all persons "may be joined in one action as defendants if there is asserted against

20  them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the

21  same transaction, occurrence, or series of transactions or occurrences and if any question of law

22  or fact common to all defendants will arise in the action."  A plaintiff may join any persons as

23  defendants if: (1) any right to relief asserted against the defendants relates to or arises out of the

24  same transaction, occurrence, or series of transactions or occurrences; and (2) there is at least

25  one question of law or fact common to all the defendants.  Fed. R. Civ. P. 20(a); *Coughlin v.*

26  *Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement in Rule 20

27  refers to "similarity in the factual background of a claim; claims that arise out of a systematic

28  pattern of events" and have a "very definite logical relationship" arise out of the same

1   transaction and occurrence.  *Bautista v. Los Angeles County*, 216 F.3d 837, 842-843 (9th Cir.

2   2000) (Reinhardt, J., concurring) (*quoting Coughlin*, 130 F.3d at 1350 and *Union Paving Co. v.

3   Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960)).  In addition, "the mere fact that all [of a

4   plaintiff's] claims arise under the same general law does not necessarily establish a common

5   question of law or fact."  *Coughlin*, 130 F.3d at 1351.  Claims "involv[ing] different legal issues,

6   standards, and procedures" do not involve common factual or legal questions.  *Id.*

7        A review of the claims the Court specified above demonstrates that there is not at least

8   one question of law or fact common to all the Defendants.  For example, the claim involving the

9   two-box limit, naming Ahern, Ayala, Gomez, Kennedy, and Delgadillo,  does not relate to or

10  arise out of the same transaction or occurrence as Plaintiff's claim regarding his legal mail,

11  naming Defendants "Ahern, Ayala, Delgadillo, etc."  Similarly, neither of those claims relate to

12  or arise out of the same transaction or occurrence as Plaintiff's claim of the missing 33

13  documents, naming Defendants Marquez, Firmez, Delgadillo, Ayala, and Ahern.

14       Plaintiff's separate claims under 42 U.S.C. §§ 1985(2), 1985(3), and 1986 also do not

15  save the joinder problem because he fails to state a claim under each statute.  First, Plaintiff

16  makes no allegation of a general conspiracy that any of these Defendants, by some concerted

17  action, intended to accomplish some unlawful objective for the purpose of harming another

18  which results in damage.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999).

19  Further, the first clause of § 1985(2) provides a cause of action for conspiracy to obstruct justice

20  in the federal courts or to intimidate a party, witness or juror in connection therewith.

21  Allegations of witness intimidation "'will not suffice for a cause of action [under section 1985]

22  unless it can be shown the litigant was hampered in being able to present an effective case.'"

23  *Mirmehdi v. United States*, 662 F.3d 1073, 1081 (9th Cir. 2011) (quoting *David v. United States*,

24  820 F.2d 1038, 1040 (9th Cir. 1987).  Plaintiff does not provide any facts sufficient to support a

25  claim that Defendants are attempting to obstruct justice in the federal courts.  The second clause

26  of 1985(2) provides a cause of action for conspiracy to obstruct justice in the state courts "with

27  intent to deny to any citizen the equal protection of the laws."  42 U.S.C. § 1985(2).  An

28  allegation of racial or class-based animus is an essential requirement of a claim under this clause.

1    *See Bretz v. Kelman*, 773 F.2d 1026, 1028-9 (9th Cir. 1985) (en banc).  The only allegation of

2    racial discrimination is mentioned above.  However, Plaintiff does not support his conclusory

3    claim with any allegation as to how Defendants conspired to obstruct justice in the state courts.

4    Thus, Plaintiff has not stated a claim under Section 1985(2).

5            Similarly, 42 U.S.C. § 1985(3) provides a cause of action against state or private

6    conspiracies.  *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).  The first clause pertains

7    to conspiracy to deny equal protection of the laws on the highway or on the premises of another;

8    the second clause pertains to conspiracy to prevent or hinder state officers from providing equal

9    protection to all persons within the state; and the third clause pertains to conspiracy to interfere

10   with federal elections.  *See* 42 U.S.C. § 1985(3).  A cause of action under § 1985(3) requires a

11   showing of some racial or class-based discrimination.  *See Kush v. Rutledge*, 460 U.S. 719, 724-

12   26 (1983).  The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a

13   conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of

14   the conspiracy; and (3) a resulting injury.  *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141

15   (9th Cir. 2000).  Again, Plaintiff alleges no facts to support a claim of conspiracy, nor does he

16   demonstrate how any racial discrimination furthers the conspiracy.  Thus, Plaintiff has not stated

17   a claim under Section 1985(3).

18           Finally, 42 U.S.C. § 1986 provides a cause of action for damages where a valid claim for

19   relief has been stated under § 1985.  *See* 42 U.S.C. § 1986; *Trerice v. Pedersen*, 769 F.2d 1398

20   (9th Cir. 1985).  Because Plaintiff has not stated a valid claim under Section 1985, his Section

21   1986 claim also failed to state a claim.

22           Accordingly, Plaintiff's motions for reconsideration are DENIED.

23           **IT IS SO ORDERED.**

24

25   DATED:    11/7/12
                                          LUCY H. KOH
26                                        United States District Judge

27

28