IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE D. HALBERT, SR., | No. C 13-2742 LHK (PR) |
| Petitioner, | ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE |
| vs. | |
| WARDEN DAVID LONG, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is GRANTED leave to proceed in forma pauperis. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition, on June 11, 2010, petitioner was sentenced to a term of 35-years to life after being convicted of a lewd act upon a minor, and receiving two 5-year enhancements in Contra Costa County Superior Court. On December 1, 2011, the California Court of Appeal affirmed. On February 15, 2012, the California Supreme Court denied the petition for review. On June 25, 2012, the United States Supreme Court denied the petition for writ of certiorari. Petitioner filed unsuccessful state habeas petitions in all three levels of the California courts. Petitioner filed the instant federal petition on June 14, 2013.

Order Granting Leave to Proceed In Forma Pauperis; Order to Show Cause
G:\PRO-SE\LHK\HC.13\Halbert742osc.wpd

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner raises the following claims in his petition: (1) the trial court erred in failing to grant a mistrial or a new jury panel due to a prospective juror's statement of bias in open court; (2) the trial court's placement of a uniformed deputy next to petitioner during petitioner's testimony violated petitioner's right to a fair trial; (3) counsel rendered ineffective assistance by: (a) failing to conduct a reasonable pre-trial investigation, (b) failing to investigate a potentially meritorious defense, (c) failing to call character witnesses, and (d) failing to call expert witnesses; (4) counsel's assistance was so ineffective that it was presumptively prejudicial; and (5) the cumulative errors prejudiced petitioner. Liberally construed, these claims are cognizable for federal habeas review.

The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1. Petitioner's motion for leave to proceed in forma pauperis is GRANTED.

2. The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon the respondent and the respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on

1  petitioner.

2        3.    Respondent shall file with the court and serve on petitioner, within **sixty days** of
3  the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
4  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
5  Respondent shall file with the answer and serve on petitioner a copy of all portions of the
6  underlying state criminal record that have been transcribed previously and that are relevant to a
7  determination of the issues presented by the petition. If petitioner wishes to respond to the
8  answer, he shall do so by filing a traverse with the court and serving it on respondent within
9  **thirty days** of the date the answer is filed.

10        4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
11  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
12  2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion,
13  petitioner shall file with the court and serve on respondent an opposition or statement of non-
14  opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file
15  with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is
16  filed.

17        5.    It is petitioner's responsibility to prosecute this case. Petitioner is reminded that
18  all communications with the court must be served on respondent by mailing a true copy of the
19  document to respondent's counsel. Petitioner must keep the court and all parties informed of any
20  change of address by filing a separate paper captioned "Notice of Change of Address." He must
21  comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal
22  of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

23      IT IS SO ORDERED.

24  DATED: 10/3/13

                                                                *Lucy H. Koh*

25                                                 LUCY H. KOH
                                               United States District Judge